FAGEN FRIEDMAN & FULFROST, LLP
Christopher J. Fernandes, SBN 204844
cfernandes@f3law.com
Shiva E. Stein, SBN 215012
sstein@f3law.com
Joshua M. Walden, SBN 325296
jwalden@f3law.com
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Phone: 760-304-6000
Fax: 760-304-6011

Attorneys for Upland Unified School District

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.L., by and through her Guardian Ad Litem, RITA LOOF,<br><br>Plaintiffs,<br><br>vs.<br><br>UPLAND UNIFIED SCHOOL DISTRICT, a Local Educational Agency,<br><br>Defendant. | CASE NO. 5:21-cv-00326-JGB(KKx)<br><br>**DEFENDANT UPLAND UNIFIED SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PARTIAL REVERSAL OF ADMINISTRATIVE DUE PROCESS DECISION**<br><br>Hon. Jesus B. Bernal<br>Hon Magistrate Kenly Kiya Kato<br><br>Trial Date: None Set |

Defendant UPLAND UNIFIED SCHOOL DISTRICT ("Defendant" or "District") answers the Complaint for Partial Reversal of Administrative Due Process Decision ("Complaint") by Plaintiffs S.L. ("Student") and RITA LOOF (collectively "Plaintiffs").

## ANSWER TO COMPLAINT
## JURISDICTION AND VENUE

1. In response to paragraph 1, the Defendant notes this paragraph contains legal conclusions and argument to which no response is required.

/ / /

/ / /

2. In response to paragraph 2, The Defendant notes this paragraph contains legal conclusions and argument to which no response is required. To the extent that Paragraph 2 contains allegations requiring a response, Defendant denies each and every allegation contained in Paragraph 2.

3. In response to paragraph 3, Defendant notes this paragraph contains legal conclusions and argument to which no response is required. To the extent that Paragraph 3 contains allegations requiring a response, Defendant admits each and every remaining allegation contained in Paragraph 3.

## THE PARTIES

4. In response to paragraph 4, Defendant denies generally and specifically all of the allegations contained therein.[1]

5. In response to paragraph 5, Defendant admits that "RITA LOOF is the parent of [Student]." Except as expressly admitted, Defendant denies generally and specifically all of the allegations contained therein.

6. In response to paragraph 6, Defendant admits that Defendant "is a public school district organized under the laws of the State of California." Defendant also admits that Defendant "is located in the County of San Bernardino County." Except as expressly admitted, Defendant denies generally and specifically all of the allegations contained therein.

## PROCEDURAL HISTORY

7. In response to paragraph 7, Defendant admits that Plaintiffs filed an administrative complaint and raised the issues contained therein.

8. In response to paragraph 8, Defendant admits all of the allegations contained therein.

/ / /

/ / /

---

[1] Student is now 24 years old.

9. In response to paragraph 9, Defendant admits that Defendant's "complaint was filed on January 14, 2020." Except as expressly admitted, Defendant denies generally and specifically all of the allegations contained therein.

10. In response to paragraph 10, Defendant denies generally and specifically all of the allegations contained therein.

11. In response to paragraph 11, Defendant admits that "Plaintiff filed a new due process complaint on April 2, 2020." Defendant also admits that the new matter "was consolidated upon motion by [the District] on May 4, 2020." Except as expressly admitted, Defendant denies generally and specifically all of the allegations contained therein.

12. In response to paragraph 12, Defendant admits all of the allegations contained therein.

13. In response to paragraph 13, Defendant admits all of the allegations contained therein.

14. In response to the second paragraph 13,[2] Defendant admits that the ALJ's decision was 127 pages but denies generally and specifically all of the remaining allegations contained therein.

15. In response to paragraph 14, Defendant denies generally and specifically all of the allegations contained therein.

16. In response to paragraph 15, Defendant denies generally and specifically all of the allegations contained therein.

17. In response to paragraph 16, Defendant denies generally and specifically all of the allegations contained therein.

18. In response to paragraph 17, Defendant denies generally and specifically all of the allegations contained therein.

///

---

[2] The Complaint erroneously contains two paragraphs that are both numbered "13."

19. In response to paragraph 18, Defendant denies generally and specifically all of the allegations contained therein.

20. In response to paragraph 19, Defendant denies generally and specifically all of the allegations contained therein.

21. In response to paragraph 20, Defendant denies generally and specifically all of the allegations contained therein.

22. In response to paragraph 21. Defendant denies generally and specifically all of the allegations contained therein.

23. In response to paragraph 22, Defendant denies generally and specifically all of the allegations contained therein.

24. In response to paragraph 23, Defendant denies generally and specifically all of the allegations contained therein.

25. In response to paragraph 24, Defendant denies generally and specifically all of the allegations contained therein.

26. In response to paragraph 25, Defendant admits that the "October 2016 IEP was not based on a full assessment of all areas of suspected disability for [Student]." Defendant also admits that "it is correct that the goals themselves contained objective numbers." Except as expressly admitted, Defendant denies generally and specifically all of the allegations contained therein.

27. In response to paragraph 26, Defendant denies generally and specifically all of the allegations contained therein.

28. In response to paragraph 27, Defendant denies generally and specifically all of the allegations contained therein.

## COMPLAINT

29. In response to paragraph 28, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies generally and specifically each and every allegation contained therein.

30. In response to paragraph 29, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies generally and specifically each and every allegation contained therein.

31. In response to paragraph 30, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies generally and specifically each and every allegation contained therein.

32. In response to paragraph 31, Defendant denies generally and specifically all of the allegations contained therein.

33. In response to paragraph 32, Defendant denies generally and specifically all of the allegations contained therein.

34. In response to paragraph 33, Defendant admits that "the Court, upon motion for summary judgment by [the District], granted that motion." Except as expressly admitted, Defendant denies generally and specifically all of the allegations contained therein.

35. In response to paragraph 34, Defendant denies generally and specifically all of the allegations contained therein.

36. In response to paragraph 35, Defendant admits that "Plaintiff had filed the underlying due process [request] in August 2019, OAH Case No. 2019080542." Except as expressly admitted, Defendant denies generally and specifically all of the allegations contained therein.

37. In response to paragraph 36, Defendant admits that "[t]he ALJ criticized the parent for involving herself in a 2014 assessment." Except as expressly admitted, Defendant denies generally and specifically all of the allegations contained therein.

38. In response to paragraph 37, Defendant admits that OAH stated, in the decision, that "'[M]other's presence in the testing room . . . directly and adversely

affected the Woodcock-Johnson Tests of Achievement, Third Edition." Except as expressly admitted, Defendant denies generally and specifically all of the allegations contained therein.

39. In response to paragraph 38, Defendant admits that the "ALJ repeatedly referenced the [District's] triennial assessments for 2014." Except as expressly admitted, Defendant denies generally and specifically all of the allegations contained therein.

## FIRST CAUSE OF ACTION

40. In response to paragraph 39, Defendant incorporates by reference its response to paragraphs 1 through 38 of the Complaint as though fully set forth herein.

41. In response to paragraph 40, Defendant responds that the provisions of the Individuals with Disabilities Education Improvement Act of 2004 and its implementing regulations speak for themselves. Defendant also denies generally and specifically all of the allegations contained therein.

42. In response to paragraph 41, Defendant denies generally and specifically each and every allegation contained therein.

43. In response to paragraph 42, Defendant admits that OAH stated, in the decision, that "Mother continued to conceal the fact that Resurrection Academy was a homeschool operated by Mother." Except as expressly admitted, Defendant denies generally and specifically all of the allegations contained therein.

44. In response to paragraph 43, Defendant denies generally and specifically each and every allegation contained therein.

45. In response to paragraph 44, Defendant denies generally and specifically each and every allegation contained therein.

46. In response to paragraph 45, Defendant denies generally and specifically each and every allegation contained therein.

/ / /

47. In response to paragraph 46, Defendant responds that the provisions of the California Education Code and its implementing regulations speak for themselves. Defendant also denies generally and specifically each and every allegation contained therein.

48. In response to paragraph 47, Defendant denies generally and specifically each and every allegation contained therein.

49. In response to paragraph 48, Defendant denies generally and specifically each and every allegation contained therein.

50. In response to paragraph 49, Defendant denies generally and specifically each and every allegation contained therein.

## PRAYER FOR RELIEF

51. Answering the allegations contained in the entirety of Plaintiffs' prayer for relief, Defendant denies that Plaintiffs are entitled to the relief sought, or to any relief.

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

52. As a separate and first affirmative defense to the Complaint, Defendant alleges that Plaintiffs' Causes of Action in the Complaint, and to the purported causes of action set forth therein, fail to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE
### (Plaintiffs are Not Prevailing Party)

53. As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs are not entitled to an award of attorney's fees against Defendant as Plaintiffs were not the

prevailing party and Defendant prevailed on the issues in the underlying administrative due process proceeding. The findings of the ALJ were supported by the moving papers filed by each party, the IDEA, and related California law.

### THIRD AFFIRMATIVE DEFENSE
### (Compliance with the Law)

54. As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the actions taken by Defendant were in full compliance with the law, which the ALJ determined in the underlying administrative due process proceeding. The findings of the ALJ were supported by the moving papers filed by each party, the IDEA, the California Education Code, and their implementing regulations.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

55. As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs' claims, if any, are barred for their failure, and/or the failure of the persons and/or entities acting on their behalf, to mitigate any purported damages.

### FIFTH AFFIRMATIVE DEFENSE
### (Laches)

56. As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs are barred in whole or in part from prosecuting the purported cause of action set forth in the Complaint by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

57. As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs' claims are barred because Plaintiffs failed to exhaust their administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

### (Attorney Fees Are Not Available)

58. As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges Plaintiffs are not entitled to a an award of attorney's fees and costs associated with the underlying administrative hearing and/or this civil action based on Plaintiffs' failure to obtain affirmative relief which materially altered the relationship between the parties and/or based on the District's statutory offers to Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Subject Matter Jurisdiction)

59. As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges Plaintiffs are barred from relief under the Complaint because the Court lacks subject matter jurisdiction to resolve the claims raised in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (All Obligations Performed)

60. As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Defendant has fully and/or substantially performed any and all obligations it may have had to Plaintiffs, which the ALJ concluded in the underlying administrative due process hearings. The evidence at hearing, the IDEA, the California Education Code, and their implementing regulations support the ALJ's findings.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

61. As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the purported causes of action asserted in the Complaint are barred by the applicable statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

62. As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that as a result of their own acts and/or omissions, Plaintiffs have waived any right which they may have had to recover, and/or are estopped from recovering, any relief sought against Defendant.

## TWELFTH AFFIRMATIVE DEFENSE
### (Justification/Excuse)

63. As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that by virtue of the acts of Plaintiffs, and/or the persons and/or entities acting on their behalf, Plaintiffs are barred from prosecuting the purported causes of action set forth in the Complaint because the acts and/or omissions alleged in the Complaint were justified, consented to by Plaintiffs, and/or excused.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Frivolous Action)

64. As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs' Complaint is frivolous and was filed in bad faith and/or filed to harass, to cause unnecessary delay and/or to needlessly increase the cost of litigation, entitling Defendant recovery of its attorney fees.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure of Condition)

65. As a separate and fourteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that by virtue of the acts of the Plaintiffs, and/or the persons and/or entities acting on their behalf, Plaintiffs are barred from prosecuting the purported causes of action set forth in the

Complaint because of a failure of the Plaintiffs, and/or the persons and/or entities acting on their behalf, to perform all or any conditions, whether precedent, concurrent and/or subsequent, covenants, and/or promises on their part to be performed as between the parties herein.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Immune from Liability - Govt Code 821.6)

66.     As a separate and fifteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Defendant is immune from liability on all causes of action pursuant to California Government Code Section 821.6.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

67.     As a separate and sixteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs lack standing to prosecute the purported claims set forth in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

68.     As a separate and seventeenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs are barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Other Defenses)

69.     Defendant presently has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses.  Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

# **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed with prejudice and in its entirety;

2. That Plaintiffs take nothing by reason of their Complaint and that judgment be entered against Plaintiffs and in favor of Defendant;

3. That Defendant be awarded its attorneys' fees and costs incurred in defending this action;

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

DATED: June 9, 2021                FAGEN FRIEDMAN & FULFROST, LLP

By: _____
Christopher J. Fernandes
Shiva E. Stein
Joshua M. Walden
Attorneys for Upland Unified School District

368-363/6112906.1